UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID CHRISTIAN DeJONGE,

        Petitioner,         Case No. 1:13-cv-1293

v.         Honorable Janet T. Neff

JOHN PRELESNIK,

        Respondent.
_____/

## OPINION

This is a petition for writ of mandamus brought by a state prisoner pursuant to 28 U.S.C. § 1361. For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

## Factual Allegations

Petitioner is presently incarcerated at the Richard A. Handlon Correctional Facility (MTU) but the conduct about which he complains occurred while he was housed at the Ionia Correctional Facility (ICF). Petitioner sues John Prelesnik, whom he alleges is the ICF Warden. Petitioner alleges that he did not receive two "Priority Mail" packages sent to him by a friend. The packages contained legal materials "including his 'Motion for Relief from Judgment' . . . and the supporting documents and exhibits that will also be used for Petitioner's federal Habeas Corpus motion." (Pet., docket #1, Page ID#2.) Petitioner alleges that Assistant Resident Unit Supervisor (ARUS) Synder told him that the packages arrived, but she withheld them because they contained contraband. (*Id.*)

Petitioner alleges that MDOC Policy Directive 05.03.118(GG) authorizes confiscation of contraband from a prisoner's mail, but does not authorize withholding of the non-contraband portion of a prisoner's mail. (*Id.* at Page ID##3.) Petitioner sought a "fact-finding" hearing pursuant to "Administration Rule 791.3310" to ascertain the nature of the contraband found in his mail. (*Id.*) Petitioner alleges that ARUS Snyder told him she didn't know why his mail was confiscated, "I'm not going to let you have it . . . you're a pain in the ass." (*Id.*)

Petitioner is concerned that his legal work will go missing or be destroyed and, as a result he will miss important filing deadlines. (*Id.*) He alleges that ARUS Synder has promised to review the confiscated materials with him, but that no review has taken place. (*Id.*) Petitioner claims that because he has not been given his legal mail, he is being denied the right of access to the courts. (*Id.*)

Petitioner seeks an order directing the MDOC to comply with federal and state law, and its policy and immediately deliver Petitioner's non-contraband mail to him. (*Id.* at Page ID#4) Additionally, Petitioner seeks an order directing the MDOC to do one of three things: conduct a hearing and identify the contraband found in his mail; copy the contraband material and give the copies to Plaintiff; and return the originals to the sender. (*Id.*) Finally, Petitioner seeks an order of the Court directing the MDOC not to destroy or "accidentally" misplace his legal mail. (*Id.*)

**Discussion**

I. Failure to State a Claim

28 U.S.C. § 1361 provides that:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Petitioner sues only the ICF Warden, an employee of the State of Michigan, not the United States or an agency of the United States. Section 1361 confers jurisdiction in the district court only over mandamus actions to compel performance by federal, not state, officials or employees. Therefore, the Court may not maintain jurisdiction over Petitioner's action pursuant to 28 U.S.C. § 1361.

Notwithstanding Petitioner's intention to seek relief by way of a a petition for writ of mandamus, he also alleges that he is being denied access to the courts. Even if the Court were to construe this as an action against brought pursuant to 28 U.S.C. § 1983 for violation of Petitioner's rights under the First Amendment, the complaint would still be dismissed because it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2).

Petitioner makes no specific factual allegations against Defendant Prelesnik. Petitioner claims only that ARUS Synder told Petitioner that she withheld two "Priority Mail" packages sent to him by a friend because she found contraband in the packages. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant engaged in any active unconstitutional behavior. Consequently, even if the Court were to construe Petitioner's action as one brought pursuant to § 1983, it must still be dismissed because it fails to state a claim upon which relief can be granted.

II. Motions

Petitioner has filed a motion for injunctive relief and for appointment of counsel (docket #6 ), a motion for an order to make copies of previously filed documents (docket #8) and a supplemental motion to appoint counsel (docket #9). In light of the Court's dismissal of this action, these motions will be denied.

**Conclusion**

In light of the foregoing, the Court will deny Petitioner's pending motions and dismiss the petition for writ of mandamus for lack of jurisdiction. A Judgment and Order consistent with this Opinion will be entered.

Dated: February 27, 2014           /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge

-4-